## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE MORIN, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

MAG ENTERPRISES, INC. d/b/a
CHEERLEADERS GENTLEMEN'S CLUB,

        Defendant.

Case No.

Complaint – Class Action

JURY TRIAL DEMANDED

Plaintiff Nicole Morin ("Morin" or "Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class/Collective action lawsuit against Defendant MAG Enterprises, Inc. d/b/a Cheerleaders Gentlemen's Club ("Cheerleaders Gentlemen's Club," "MAG Enterprises" or "Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.* and common law. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      As explained herein, under applicable federal and state employment laws, all employees are entitled to fair compensation, overtime compensation, and the retention of tips/gratuities received from customers, unless statutorily exempt. Because they are plainly "employees" under the applicable laws, Plaintiff and the class members should have been paid fair wages, given overtime compensation, and allowed to retain all tips/gratuities provided by customers. To avoid complying with these laws designed to protect employees from employer abuse, Defendant (as defined herein) improperly classified Plaintiff and other exotic entertainers

("Dancers") as "independent contractors." As a result of this improper classification, Defendant (1) avoided paying Plaintiff and class members at least the applicable minimum wage; (2) regularly required Plaintiff and class members to work in excess of forty hours per week, and then failed to pay them premium overtime compensation; and (3) improperly collected a portion of the tips Plaintiff and other Dancers received from customers. As set forth herein, such conduct is in violation of the applicable state and federal wage and hour laws.

2.      Dancers, including Plaintiff and her current and former co-workers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet, *Naked Feminism: The Unionization of the Adult Entertainment Industry*, 7 Am. U.J. Gender Soc. Pol'y & L 465, 466 (1999).

3.      Accordingly, adult entertainment clubs, such as those owned and operated by Defendant, are well-positioned to take advantage of Dancers and routinely deny them basic workplace rights.

4.      Over the past two decades, the Department of Labor ("DOL") and courts across the country have recognized that Dancers are employees, not independent contractors, and, accordingly, are entitled to protection under various state and federal wage and hour laws.

5.      Despite these significant strides, adult night clubs in Pennsylvania and across the country routinely deny Dancers the basic protections they are accorded under state and federal law. Defendant is no exception. As set forth herein, Defendant regularly deprives Dancers of their rights under federal law, as well as the laws of the Commonwealth of Pennsylvania. Plaintiff brings this lawsuit to address these improper pay practices.

## SUMMARY OF CLAIMS

6.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA" or the "Act").

7.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Dancers who have worked for Defendant
> within the statutory period covered by this Complaint, and elect to
> opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b)
> ("Nationwide Collective Class").

8.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, including inappropriately withheld tips, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL") and common law (the "PA State Laws").

9.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Dancers who have worked for Defendant in
> the Commonwealth of Pennsylvania during the statutory period
> covered by this Complaint (the "PA Class").

10.     Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages for all hours worked in excess of forty in a work week; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

11.     Plaintiff alleges on behalf of the PA Class that Defendant violated the PA State Laws by, *inter alia*: (i) failing to pay them the appropriate minimum wages for all hours worked;

(ii) improperly denying them overtime wages for all hours worked in excess of forty hours in a work week; and (iii) inappropriately withholding and/or deducting unlawful amounts from the gratuities of the PA Class.

## PARTIES

12.     Plaintiff Nicole Morin is a resident of the Commonwealth of Pennsylvania who was employed by Defendant as a "Dancer" at its Pittsburgh, Pennsylvania location from approximately March, 2015 through October, 2015.  While employed by Defendant, Plaintiff was improperly classified as an independent contractor and, consequently, Defendant failed to compensate Plaintiff properly for all hours worked.

13.     Plaintiff consents in writing to be Plaintiff in this action and will file an executed Consent To Sue form.

14.     Upon information and belief, Defendant MAG Enterprises, Inc. is a Pennsylvania corporation having a principal place of business at 3100 Liberty Avenue, Pittsburgh, Pennsylvania 15201.  Defendant employed Plaintiff as a Dancer.

15.     MAG Enterprises owns and operates Cheerleaders Gentlemen's Club, which offers adult entertainment services including adult exotic dancing in the nature of live performances at various locations, including at 3100 Liberty Avenue, Pittsburgh, Pennsylvania 15201, 2740 South Front Street, Philadelphia, Pennsylvania 19148, and 54 Crescent City Boulevard, Gloucester, New Jersey 08030.

16.     At all relevant times Defendant has transacted business, including the employment of Dancers, within the Commonwealth of Pennsylvania, including within this district.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq.*

18.     This Court also has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

19.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district..

21.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

22.     The crux of the FLSA and Pennsylvania state law is, *inter alia*,: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; (ii) that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week; and (iii) that all gratuities earned by an employee are the property of the employee.

23.     Contrary to these basic protections, Defendant improperly classified its Dancers, including Plaintiff, as "independent contractors" despite Defendant's near total control over them. Consequently, Plaintiff and the members of the Classes (defined herein) were:  (i) deprived of the mandated minimum wage for all hours they worked; (ii) deprived of premium overtime compensation for all hours worked in excess of 40 per workweek; (iii) forced to improperly share

a percentage of their gratuities with Defendant; and (iv) forced to reimburse Defendant for its ordinary business expenses.

24.     Plaintiff and the members of the Nationwide Collective Class are, or were, Dancers who worked at Defendant's business locations in Pittsburgh, Pennsylvania, Philadelphia, Pennsylvania, and/or Gloucester, New Jersey.

25.     Plaintiff and the members of the PA Class are, or were, Dancers who worked at Defendant's business locations in Pennsylvania, including, but not limited to, Pittsburgh, Pennsylvania and/or Philadelphia, Pennsylvania.

26.     Cheerleaders Gentlemen's Club is operated by Defendant under uniform policies applicable to all members of the Classes.  Through these policies and procedures, Defendant maintains significant supervision and control over Plaintiff and members of Classes.

27.     Notwithstanding Defendant's classification of Dancers as independent contractors, as set forth below, due to the amount of control Defendant has over its Dancers, Dancers are legally Defendant's employees.

**Hiring, Firing, and Scheduling**

28.     Defendant has the power to hire and fire Dancers and has rules governing the conditions under which Dancers work.

29.     Dancers are required to complete their schedule with the "House Mom" each week. Dancers are also required to obtain the House Mom's approval regarding their clothing selections and other matters relating to their personal appearance, such as hair and nail styles.

30.     Dancers are required to work assigned shifts.

31.     Defendant's scheduling policy requires that all Dancers stay until the end of their shift.  Accordingly, and unlike true independent contractors, Defendant's Dancers are required to work a minimum number of hours per week.

32.     Further, Dancers are required to check in with the House Mom as soon as they arrive for their shift.

33.     Accordingly, unlike true independent contractors, Dancers are required to work (i) a set number of hours per week, (ii) a set number of days per week, (iii) and comport their appearance to Defendant's requirements even though such requirements have no bearing on the performance of Dancers' underlying job duties.

## House Fees

34.     Rather than pay its Dancers the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendant classified its Dancers as independent contractors and required its Dancers to pay Defendant in order to work at Defendant's establishment.  Consequently, Defendant does not compensate Dancers in an amount at least equal to the mandated minimum wage for each hour worked during their shift.

35.     Defendant required its Dancers, including Plaintiff and members of the Classes, to pay "House Fees" for each shift that Dancers work.

36.     Importantly, a Dancer must pay all fees every night she works regardless of the amount of tips she receives.  Accordingly, a Dancer must pay the fees even if that reslults in the Dancer actually losing money for her shift.

## Tip Retention & Mandatory Tip Outs

37.     It is black letter law that tips received by an employee are the employee's tips and an employer has no ownership interest in said tips.  Indeed, according to the DOL's Regulations,

"[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." 29 C.F.R. § 531.52.

38.    Despite this plain fact, Defendant unlawfully retained a portion of tips Dancers received from Defendant's customers.

39.    Moreover, Defendant also mandates the fees a Dancer may charge customers for her services. By way of example, Defendant maintains a policy establishing the amount a Dancer is required to charge for private performances.

40.    For example, Defendant mandates that a "lap dance" for one song is $25, and that a private dance for 30 minutes is $225. From these charges, a Dancer must pay Defendant one half of the amount paid by the customer.

41.    As a result, customers who believe that they are tipping Dancers a certain amount are actually tipping them less, due to the aforementioned deductions taken by Defendant.

42.    As set forth below, these deductions are in contravention of applicable law.

43.    In addition, Defendant also subjects Dancers to mandatory tip-outs. That is, Dancers are required to tip certain of Defendant's employees. Importantly, the individuals that Defendant requires its Dancers to share their tips with do not provide customer service.

44.    Upon information and belief, Defendant uses these tips paid by dancers to offset its ordinary business expenses. Stated another way, Defendant requires Dancers to tip these individuals so that Cheerleaders Gentlemen's Club can then reduce its labor costs by having the Dancers supplement the compensation Defendant pays its other employees.

45.    Dancers are also routinely charged various "fines," such as, for example, a $20 fine for being late for a shift.

46.    As a result of the mandatory house fees, required tip-outs, and fines, Dancers sometimes receive little to no actual compensation despite hours of work.

**Additional Control**

47.    Prior to performing for the first time at Cheerleaders Gentlemen's Club, Defendant can instruct a Dancer to change her physical appearance.

48.    Further, if during her time at Cheerleaders Gentlemen's Club the Dancer's look changes, Defendant can require a Dancer to adjust her appearance.

49.    Cheerleaders Gentlemen's Club requires Dancers to wear certain types of clothes, which must be approved by the House Mom.  Defendant does not reimburse them for the cost of their uniforms.  In addition, Defendant does not pay for the cost of laundering or maintaining these unique uniforms.

50.    In short, Defendant maintains significant supervision and control over Plaintiff and members of Classes and sets the rules governing the conditions under which Dancers work.

51.    Such rules include: (i) the minimum number of days a Dancer must work, and at which time, (ii) the minimum number of hours a Dancer must work in a given day, (iii) that Dancers must wear certain approved uniforms, (iv) exert control over the Dancers appearance, and (v) share tips with other employees, including mandating which employees must be tipped and the minimum amount of the tip; and (vi) imposition of "fines."

52.    In addition, Defendant prohibits its Dancers from doing a number of activities while on duty.  Such prohibitions include leaving the stage before the end of the Dancer's routine unless excused by the DJ, and changing into street clothes before the end of the Dancer's shift.

53.     Further, Defendant determined the rate and method of payment Dancers received, including but not limited to the percentage of tips that Cheerleaders Gentlemen's Club would retain and the fact that Dancers would not receive any wages while working at the club.

54.     Dancers, including Plaintiff, routinely worked hours in excess of 40 hours in a week.

55.     Defendant has been unjustly enriched to the detriment of the Classes by: (i) requiring Dancers to pay money out of their tips to pay for the ordinary business expenses of Defendant; (ii) requiring Dancers to forfeit a portion of their tips to Defendant; (iii) paying Dancers less than the mandated minimum wage while failing to comply with the requirements for doing so; and (v) failing to pay Dancers premium overtime compensation for all hours worked in excess of forty in a work week.

56.     At all times relevant to this Complaint, Plaintiff believed she was an employee of Defendant.

57.     Evidence generally reflecting the number of uncompensated hours worked by Dancers is in possession of Defendant.

58.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff

also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

60.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt out of the PA Class pursuant to Fed.R.Civ.P. 23.

61.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over a hundred individuals in each of the Classes.

62.     Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

63.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

64.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Plaintiff and Dancers were improperly classified as independent contractors by Defendant;

(b)     whether Defendant have failed to pay minimum wages for each hour worked;

(c)     whether Plaintiff and Dancers were required to pay Defendant, in cash, fees for each shift worked;

(d)     whether Defendant improperly retained any portion Plaintiff and Dancers' tips;

11

(e)    whether Defendant has failed to pay overtime compensation for all hours worked in excess of 40 per workweek;

(f)    whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

(g)    whether Plaintiff and members of the Classes are entitled to restitution; and

(h)    whether Defendant is liable for attorney's fees and costs.

65.    Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes. She has no interests adverse to the class she seeks to represent, and has retained competent and experienced counsel.

66.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

67.    Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

68.    Defendant has acted willfully and has engaged in a continuing violation of the FLSA and PA State Laws.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

69.    Plaintiff, on behalf of herself and the Nationwide Collective Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

70.    At all relevant times, Defendant has had gross revenues in excess of $500,000.

71.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

72.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

73.     Pursuant to Defendant's compensation policies, rather than pay Dancers the federally-mandated minimum wage, Defendant improperly classified Plaintiff and other Dancers as independent contractors.

74.     As a result of the Defendant's willful practices, Defendant was not entitled to pay Plaintiff and the members of the Nationwide Collective Class less than the mandated minimum wage for all hours worked.

75.     Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76.     Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

77.     Plaintiff, on behalf of herself and the Nationwide Collective Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

78.     At all relevant times, Defendant has had gross revenues in excess of $500,000.

79.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

80. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

81. At relevant times in the period encompassed by this Complaint, Defendant had, and maintains, a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Defendant's improper classification of Plaintiff and Dancers as independent contractors.

82. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

83. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
### (On Behalf of the PA Class)

84. Plaintiff, on behalf of herself and the members of the PA Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

85. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

86. At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of improperly classifying Plaintiff and Dancers as independent contractors and, consequently, failing to pay these individuals the applicable minimum wage for each hour worked.

87. Pursuant to Defendant's compensation policies, Defendant improperly classified Dancers as independent contractors rather than pay Plaintiff and Dancers the Pennsylvania minimum wage.

88. As a result of Defendant's willful practices, Defendant was not entitled to pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

89. Defendant has violated, and continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

90. Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid minimum wages, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– OVERTIME WAGE VIOLATIONS
### (On Behalf of the PA Class)

91. Plaintiff, on behalf of herself and the members of the PA Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

92. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

93. At relevant times in the period encompassed by this Complaint, Defendant has a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek.

94. Pursuant to Defendant's policies and practices of classifying Plaintiff and Dancers as independent contractors, Plaintiff and the members of the PA Class were not paid overtime for all hours worked in excess of forty per week.

95.     Defendant has violated, and continues to violate, the PMWA, 43 Pa. C.S.C. §

333.101 *et seq.*

96.     Due to the Defendant's violations, Plaintiff, on behalf of herself and the members

of the PA Class, are entitled to recover from Defendant the amount of unpaid overtime wages,

attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## PENNSYLVANIA WAGE PAYMENT COLLECTION LAW
### (On Behalf of the PA Class)

97.     Plaintiff, on behalf of herself and the PA Class Members, re-allege and incorporate

by reference the paragraphs above as if they were set forth again herein.

98.     At all relevant times, Defendants have employed, and/or continue to employ,

Plaintiffs and each of the PA Class Members within the meaning of the WPCL.

Plaintiff and the PA Class Members worked for Defendants with the clear understanding

and agreement by Defendants that their compensation would be consistent with all applicable laws,

including federal and state wage and hour laws.

99.     Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiffs and the members of the

PA Class were entitled to receive all compensation due and owing to them on their regular payday.

100.    As a result of Defendants' unlawful policies, Plaintiffs and the members of the PA

Class have been deprived of compensation due and owing, which Defendants promised to pay in

their commitment to abide by applicable wage and hour law.

101.    Further, due to Defendants' policy of deducting amounts from the tips of Plaintiffs

and the PA Class to offset business expenses, Plaintiffs and the PA Class were subject to improper

deductions from their compensation, in direct violation of 34 Pa. Code § 9.1(13), which prohibits

any deduction from the wages of an employee unless such deduction is expressly permitted by the

Pennsylvania Department of Labor and Industry and, in that instance, only if certain prerequisites are met.[1]

102.    Plaintiffs, on behalf of themselves and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

**SIXTH CLAIM FOR RELIEF**
**PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the PA Class)**

103.    This Sixth Count is brought in the alternative to the Fifth Count (violation of the WPCL), to the extent that Defendant disavows its agreement to pay Plaintiff and the PA Class in a manner consistent with federal and state wage and hour law or to the extent that any alleged agreement between the parties is in violation of such laws, and therefore void. Plaintiff, on behalf of herself and the PA Class Members, re-allege and incorporate by reference the paragraphs 1-96 above as if they were set forth again herein.

104.    Plaintiff and the members of the PA Class were employed by Defendant within the meaning of the PA State Laws.

105.    At all relevant times, Defendant had, and maintains, a willful policy and practice of denying Dancers their full share of gratuities.

106.    During the class period covered by this Complaint, Defendant had, and maintains, a willful policy and practice of having Dancers subsidize Defendant's business expenses by

---

[1] 34 Pa. Code § 9.1 sets forth those deductions from wages authorized by law as promulgated by the Department of Labor and Industry. The first twelve provisions delineate such deductions as, for example, contributions to employee welfare and pension plans, payments to credit unions and savings funds, contributions for charitable purposes, deductions for social security and taxes, labor organization dues, and other specified deductions, none of which apply here. Deductions which are not listed under 34 Pa. Code § 9.1 (1-12) may fall under 34 Pa. Code § 9.1(13): "Such other deductions authorized in writing by employees as in the discretion of the Department is proper and in conformity with the intent and purpose of the Wage Payment and Collection Law (43 P.S. §§ 260.1-260.12)."

requiring Dancers to tip certain individuals a required minimum amount. Further, Defendant has a willful policy and practice of not paying Dancers for appearances at events outside the club.

107.    Moreover, Plaintiff and Dancers were subjected to unlawful deductions from their gratuities.

108.    Defendant retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Dancers under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

109.    Defendant was unjustly enriched by subjecting Plaintiff and Dancers to such unlawful deductions.

110.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the PA Class.

111.    Plaintiff, on behalf of herself and the members of the PA Class, are entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Nationwide Collective Class and members of the PA Class:

A.    Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.    Certification of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

18

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

D.    An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.    An award of unpaid minimum wages to Plaintiff and the members of the Classes;

F.    An award of unpaid overtime wages to Plaintiff and the members of the Classes;

G.    Restitution of wages and gratuities improperly retained by Defendant;

H.    An award of liquidated damages to Plaintiff and members of the Classes;

I.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

J.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.


Dated: January 27, 2017

*/s/ Gary F. Lynch*
Gary F. Lynch
Jamisen Etzel
Kevin Abramowicz
CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
(p) (412)322-9243
glynch@carlsonlynch.com
jetzel@carlsonlynch.com
kabramowicz@carlsonlynch.com

*Attorneys for Plaintiff*